# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Bruce Marcum,**
**Petitioner Below, Petitioner**

**FILED**

January 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 11-1329** (Cabell County 08-C-76)

**Patrick A. Mirandy, Warden,**
**St. Mary's Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bruce Marcum, by counsel Carl J. Dascoli Jr., appeals the August 25, 2011 order re-entering the prior order of the Circuit Court of Cabell County denying his petition for writ of habeas corpus. The respondent,[1] by counsel Laura J. Young, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

On July 15, 2004, petitioner entered an *Alford/Kennedy* plea of guilty to one count of sexual abuse by a parent, guardian, or custodian. He was thereafter sentenced to a term of ten to twenty years of incarceration. On April 29, 2009, petitioner filed an amended petition for writ of habeas corpus after having been appointed counsel to represent him in the circuit court habeas proceeding. On August 11, 2010, the circuit court held an omnibus evidentiary hearing. Petitioner was denied habeas relief following this hearing by order entered on January 18, 2011. On August 25, 2011, the circuit court granted petitioner's motion seeking re-entry of the order denying his petition for purposes of his appeal.

On appeal, petitioner alleges that it was an abuse of discretion for the circuit court to deny his petition for writ of habeas corpus. Petitioner alleges that his trial counsel was ineffective and that he did not enter his guilty plea knowingly, intelligently, and voluntarily. In support of his assignments of error, petitioner argues that he was never instructed that he would be unable

---

[1] The petition for appeal originally listed the warden of Huttonsville Correctional Center, Teresa Waid, as the respondent. However, petitioner has subsequently been transferred to St. Mary's Correctional Center. Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, the appropriate party has been substituted in the style of this matter.

to withdraw his guilty plea if he did not receive a sentence of probation or home confinement and that he was under the influence of marijuana during his plea hearing. In response, the State argues that the circuit court was correct to deny the petition for habeas relief because the record clearly established that petitioner was aware that he could not withdraw his guilty plea and that he failed to produce any new evidence on appeal to show that his counsel's actions fell outside an objective standard of reasonableness, to contradict the circuit court's findings.

This Court has previously held that

> [i]n reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). After careful consideration of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in denying the petition for writ of habeas corpus. Having reviewed the circuit court's "Opinion Order Denying Writ of Habeas Corpus Following Omnibus Hearing" entered on January 18, 2011, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we find no error in the decision of the circuit court and its January 18, 2011 order denying the petition for writ of habeas corpus is affirmed.

Affirmed.

**ISSUED:** January 14, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

BRUCE MARCUM,
    Petitioner,

CIVIL ACTION NO. 08-C-76
JUDGE ALFRED E. FERGUSON

TERESA WAID, Warden
HUTTONSVILLE CORRECTIONAL CENTER,
    Respondent.

## OPINION ORDER DENYING WRIT OF HABEAS CORPUS
## FOLLOWING OMNIBUS HEARING

This matter came before this Court on Petition for post-conviction habeas corpus relief filed *pro se* by Bruce Marcum. After conducting an initial review of the Petition and exhibits as required by Rule 4(b) of the Rules Governing Post-Conviction Habeas Corpus Proceedings (R.H.C.), the Court determined that although the Petitioner might have grounds for relief, the Petition as filed was not sufficient for a fair adjudication of the Petitioner's contentions.

Therefore, pursuant to R.H.C. 3(a), the Court reviewed Petitioner's Application to Proceed *In Forma Pauperis* and Financial Affidavit and determined the Petitioner is unable to pay the costs of the proceedings or employ counsel. Accordingly, pursuant to R.H.C. 4(b), by Order entered on the 26th day of November, 2008, this Court appointed Anders Lindberg and Sarah Shive of Steptoe & Johnson, PLLC, attorneys at law licensed to practice in West Virginia, to represent the Petitioner. Ms. Shive filed a motion to withdrawal as counsel on June 15, 2009 and the same was granted by this Court. Lindsay E. Agee then assisted Mr. Lindberg in the case.

On the 29th day of April, 2009, by counsel, the Petitioner filed his Amended Petition. Pursuant to R.H.C. 5, the Respondent, through counsel, Doug Reynolds, Cabell County Assistant Prosecuting Attorney filed a Response to the Amended Petition on the 31st day of July 2009.

Following the filing of the Answer, as required by R.H.C. 9(a), the Court conducted a thorough review of the record and determined an evidentiary hearing would be required to fully and fairly adjudicate the Petitioner's claims.

All preliminary matters having been concluded, an Omnibus Hearing was held before the Court on the 11th day of August, 2010. The Petitioner appeared in person and by counsel, Anders Lindberg and Lindsay Agee of Steptoe & Johnson, PLLC; and the Respondent appeared by counsel, Doug Reynolds, an Assistant Prosecuting Attorney of Cabell County.

The parties presented evidence by witness testimony and exhibits, and counsel presented argument regarding the parties' contentions. After carefully considering the evidence and arguments presented, the parties' briefs, and the record of the Petitioner's trial, and after consulting pertinent legal authority, for reasons explained in the following Opinion the Court has concluded the Petitioner has failed to establish a basis for the relief requested in his Amended Petition.

## FACTS AND PROCEDURAL HISTORY

The Petitioner was indicted on the 9th day of January, 2004, with one count of Sexual Abuse by a Parent, Guardian, or Custodian and entered an *Alford/Kennedy* plea of guilty on the 15th day of July, 2004, before this Court in *State v. Bruce Edward Marcum*, Indictment No. 04-F-56. The Petitioner was sentenced by this Court to ten to twenty years in the penitentiary on the 14th day of March, 2005. He was represented at his plea and in prior proceedings by Kim Carrico

2

of the Public Defender's office. Allegedly unhappy with Ms. Carrico's representation of him, Petitioner retained R. Stephen Jarrell as counsel shortly after entering his guilty plea.

## PETITIONER'S GROUNDS FOR HABEAS CORPUS RELIEF

The Amended Petition advances four grounds for relief.

1. Petitioner did not enter his plea knowingly, intelligently, and voluntarily.

2. Petitioner received ineffective assistance from his counsel, and entered his guilty plea based on such ineffective assistance.

3. Petitioner is entitled to habeas corpus relief, as there was erroneous and prejudicial information contained in the pre-sentence report.

4. Petitioner asserts all other grounds for habeas relief under *Losh v. McKenzie*, federal law and the United States Constitution.

### Issue One: Failure to Enter Guilty Plea Knowingly, Intelligently and Voluntarily

*Conclusion of Law*

The Court has concluded the Petitioner has failed to prove he did not enter his *Alford/Kennedy* plea knowingly, intelligently, and voluntarily. The reasons for this conclusion and the finding of fact and legal authority upon which the conclusion is based are set forth below.

*Discussion of Legal Authorities and Findings of Fact*

The controlling question as to the voluntariness of a guilty plea, when it is attacked...in a habeas proceeding on grounds that fall within those on which counsel might reasonable be expected to advise, is the competency of the advice given by counsel. *State v. Sims*, 162 W.Va. 212, 248 S.E.2d 834 (1978). In a habeas corpus proceeding, before a guilty plea will be set aside based on the fact that the defendant was incompetently advised, it must be shown that (1)

3

counsel did act incompetently; (2) the incompetency must relate to a matter which would have substantially affected the fact-finding process if the case had proceeded to trial; and (3) the guilty plea must have been motivated by this error. *Id.*

At Petitioner's plea hearing, he swore under oath that he had discussed the matter with his counsel "10-12 times" [Plea Transcript, Page 4, Lines 14-16] and that he was entirely satisfied with her representation [Transcript, Page 5, Line 4]. Petitioner was advised of the length of sentence eligibility and acknowledged that no one had promised him which sentence he may receive. At the plea hearing, he expressed no reason why the Court should not accept his *Alford/Kennedy* plea or that he had received any incorrect advice as to the plea offer. [Transcript, Page 6, Lines 13-22]. Following the plea, Mr. Jarrell filed a motion to withdrawal the plea on Petitioner's behalf, which was denied.

Based upon the record and testimony in this case, there is not sufficient evidence to show that either of Petitioner's trial counsel acted incompetently. Therefore, this issue is decided against the Petitioner.

### Issue Two: Ineffective Assistance of Trial Counsel

#### *Conclusion of Law*

The Court has concluded the Petitioner has failed to prove his trial counsel was ineffective. The reasons for this conclusion and the finding of fact and legal authority upon which the conclusion is based are set forth below.

#### *Discussion of Legal Authorities and Findings of Fact*

The first of three threshold tests applied to post-conviction habeas corpus claims requires the petitioner to allege the denial of a constitutional right. "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will

4

not be reviewed." Syllabus pt. 4, *State ex rel. McMannis v. Mohn,* 163 W.Va. 129, 254 S.E.2d 805 (1979). The Amended Petition in the instant proceeding satisfies this threshold test by alleging a denial of the effective assistance of counsel right guaranteed by Art. 3 §16 of the Constitution of West Virginia and the Sixth Amendment of the Constitution of the United States.

The second and third threshold tests applied to the Petitioner's ineffective assistance of counsel claim require a determination of whether the claim has been previously and finally adjudicated or waived, and thus barred by W.Va. Code §53-4A-1(b)(c) [1967].

The Petitioner did not raise an ineffective assistance of counsel claim in his motion to withdrawal his guilty plea. However, the failure of trial counsel to raise a claim of his own ineffectiveness does not constitute a knowing and intelligent waiver of the claim by the Petitioner, and for this reason the current claim is not barred by W.Va. Code §53-4A-1(c) [1967].

The Petitioner did raise an ineffective assistance of trial counsel claim in his petition for appeal to the Supreme Court of Appeals. [*State v. Marcum,* No.04-F-76, Filed March 23, 2007]. The Supreme Court of Appeals refused the petition [SCA Order No. 070888; May 29, 2007]; but the denial of a petition for appeal is not a decision on the merits precluding consideration of the issues in post-conviction habeas corpus proceedings, *Smith v. Hedrick,* 181 W.Va. 394, at 395, 392 S.E.2d 588, at 589 (1989); which is to say, the Supreme Court's refusal of the petition for appeal is not a previous and final adjudication, which means the claim is not barred by W.Va. Code §53-4A-1(b) [1967]. With these three, necessary, threshold determinations resolved, the Court proceeded to consider the merits of Petitioner's ineffective assistance of counsel claim.

To prevail in post-conviction habeas corpus proceedings, the "petitioner has the burden of providing by a preponderance of the evidence the allegations contained in his petition or affidavit which would warrant his release." Syllabus pt. 1, *State ex rel. Scott v. Boles,* 150 W.Va.

5

453, 147 S.E.2d 486 (1966). When applied to Petitioner's contentions in his Amended Petition, this burden requires the Petitioner to prove his trial counsel's ineffectiveness by a preponderance of the evidence.

Claims of ineffective assistance of counsel are to be governed by two-pronged test: (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *State ex rel. Hatcher v. McBride*, 221 W.Va. 760, 656 S.E.2d 789 (2007).

In deciding ineffective...assistance claims, a court need not address both prongs of the conjunctive standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), but may dispose of such a claim based solely on petitioner's failure to meet either prong of the test." Syllabus Pt. 5, *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995).

The *Strickland* Court determined the threshold question in analyzing effectiveness of counsel assistance is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." The United States Supreme Court held that the proper standard for attorney performance is that of reasonably effective assistance. *Id.*

The Petitioner's ineffective assistance contention is based on three allegations: (1) Trial counsel advised him to take an *Alford/Kennedy* plea and enter a treatment program in hopes of obtaining alternative sentencing. However, trial counsel failed to advise Petitioner that alternative sentencing was not available if he did not enter treatment and that he would be unable to gain admission to a treatment program to the extent that he maintained his innocence; (2) Trial

6

counsel failed to conduct a reasonable investigation prior to advising Petitioner to plead guilty to the charge of Sexual Abuse by a Parent, Guardian, or Custodian; (3) Trial counsel was ineffective in failing to object to erroneous information contained in the pre-sentence report prepared by the Probation Department prior to Petitioner's sentencing.

The record indicates Petitioner was well aware of the ramifications of entering a plea to the count charged in the indictment. At Petitioner's plea hearing, he swore under oath that he had discussed the matter with his counsel "10-12 times" [Plea Transcript, Page 4, Lines 14-16] and that he was entirely satisfied with her representation [Transcript, Page 5, Line 4]. Petitioner was advised of the length of sentence eligibility and acknowledged that no one had promised him which sentence he may receive. At the plea hearing, he expressed no reason why the Court should not accept his *Alford/Kennedy* plea or that he had received any incorrect advice as to the plea offer. [Transcript, Page 6, Lines 13-22].

Even if Ms. Carrico failed to fully inform Petitioner of the consequences of his plea, the Court did so at the time of accepting his plea. There is no evidence to support the allegation that Ms. Carrico failed to conduct a reasonable investigation prior to plea. And finally, there is not sufficient evidence to show that Mr. Jarrell was aware of any erroneous information contained in the pre-sentence report.

Based upon the record and testimony in this case, Petitioner has failed to establish the first prong of the *Strickland-Miller* test, *i.e.,* a deficiency in Ms. Carrico or Mr. Jarrell's representation of him at the time of plea and sentencing. Therefore, this issue is decided against Petitioner.

**Issue Three: Erroneous and Prejudicial Information Contained in the Pre-Sentence Report**

*Conclusion of Law and Findings of Fact*

7

The Court has concluded the Petitioner has failed to prove he was prejudiced by information contained within the pre-sentence report.

Petitioner asserts that a letter provided by his former employer proves that information contained within the report as to his firing due to sexual misconduct with a client was in error. However, this letter was not available at the time of sentencing. Even if Petitioner's attorney failed to object to the statement, the Petitioner himself could have objected on the record. He did not. Petitioner waived any defects in his pre-sentence report when he failed to raise them. Furthermore, assuming this error did occur and his counsel, the probation department, this Court and the Petitioner failed to catch the error, it was harmless error. Therefore, this issue is decided against the Petitioner.

### Issue Four: Blanket assertion of all other grounds for relief

*Conclusion of Law, Discussion of Legal Authorities and Findings of Fact*

This was not developed in any way in the Amended Petition and consisted merely of a blanket assertion of all grounds for relief under habeas corpus, federal law and the United States Constitution.

Petitioner's mere recitation of enumerated grounds without detailed factual support does not justify issuance of a writ of habeas corpus, the appointment of counsel, and the holding of a hearing. *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973). A petition must specifically state in detail the underlying facts that support the claim; mere recitation of grounds without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing. *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

Petitioner's statements with regard to the above issues are blanket assertions and do not provide any adequate factual support from which the circuit court could make a ruling. These

skeletal assertions do not preserve these claims for hearing. *Hatcher v. McBride*, 221 W.Va. 760, 656 S.E.2d 789 (2007). There is a presumption of regularity of court proceedings, and that the court performed its duty in every respect as required by law. *Scott v. Boles*, 150 W.Va. 453, 147 S.E.2d 486 (1966) Therefore, Petitioner must carry the burden of showing error in the judgment of which he complains, and these bare assertions of error do not carry that burden. Id.

Petitioner has not provided this Court with any examples, analysis, explanation, or legal citation of the errors alleged; therefore, these undeveloped issues are dismissed. In the absence of any supporting arguments or authority, these assignments of error are found against the Petitioner and are deemed to have been waived.

**THEREFORE**, it is accordingly adjudged, ordered and decreed, that the Petitioner is entitled to no relief, and it is therefore **ORDERED** that the writ heretofore issued is **DENIED** and held for naught, and that the Petition herein be dismissed with prejudice from the docket of this Court.

The Clerk shall send certified copies of this Order as follows:

**Lindsay Agee**
**Anders Lindberg**
Steptoe & Johnson PLLC
P.O. Box 1588
Charleston, WV 25326-1588

**Doug Reynolds**
Office of the Prosecuting Attorney
Cabell County Courthouse
750 Fifth Avenue
Huntington, WV 25701

**Bruce Marcum**
Huttonsville Correctional Center
P.O. Box 1
Huttonsville, WV 26273

Enter this Order this _____14_____ day of January, 2011.

Judge Alfred E. Ferguson
6th Judicial Circuit

ENTERED Circuit Court Civil Order Book
No. 234 Page 117 this
JAN 2011

JAN 1 8 2011

STATE OF WEST VIRGINIA
COUNTY OF CABELL
I, ADELL CHANDLER, CLERK OF THE CIRCUIT
COURT FOR THE COUNTY AND STATE AFORESAID
DO HEREBY CERTIFY THAT THE FOREGOING IS
A TRUE COPY FROM THE RECORDS OF SAID COURT
ENTERED ON ___1/18/11___
CIVIL/INDEX # _____
for _____APR 2 8 2011____

9